IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONOVAN L.[1],

    **Plaintiff,**

v.

    Civil Action 3:23−cv−366
    Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff, Donovan L., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 10), Plaintiff's Reply (ECF No. 11), and the administrative record (ECF No. 7). This matter is before the Undersigned Magistrate Judge upon the unanimous consent of the parties under 28 U.S.C. § 636(c). For the reasons that follow, the Court **REVERSES** the Commissioner of Social Security's nondisability finding and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

---

[1] Pursuant to General Order 22−01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

I.  **BACKGROUND**

Plaintiff filed his applications for benefits on July 9, 2019, alleging that he has been disabled since August 12, 2014, due to anxiety, bipolar disorder, depression, high blood pressure, neuropathy in legs and feet, chronic lower back pain, sleep apnea, and gout. (R. at 352−59, 414.) Plaintiff's applications were denied initially in November 2019 and upon reconsideration in June 2020. (R. at 88−139, 187−200.) Plaintiff sought a *de novo* hearing before an administrative law judge. (R. at 168−83.) Administrative law judge Andrew G. Sloss ("ALJ Sloss") held a telephone hearing on December 17, 2020, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 74−87.) A vocational expert ("VE") also appeared and testified. (*Id.*) On January 8, 2021, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 140−60.) The Appeals Council granted plaintiff's request for review and remanded the matter for further proceedings. (R. at 161−67.)

On remand, the claim was assigned to ALJ Heidi Southern (the "ALJ") held a telephone hearing on October 18, 2022. (R. at 41−73.) The ALJ issued a decision again denying plaintiff's application on December 16, 2022. (R. at 12−40.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1−6.) This matter is properly before this Court for review.

II.  **RELEVANT RECORD EVIDENCE**

The Undersigned has thoroughly reviewed the transcript in this matter, including Plaintiff's medical records, function and disability reports and testimony as to his conditions and resulting limitations. Given the claimed errors raised by the Plaintiff, rather than summarizing

that information here, the Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

### III.  ADMINISTRATIVE DECISION

On December 16, 2022, the ALJ issued her decision. (R. at 12−40.) The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2015. (R. at 18.) Then, at step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 12, 2014, the alleged onset date. (*Id.*) The ALJ found that Plaintiff has the following severe impairments: lumbar spine degenerative disc disease, gout, left foot degenerative joint disease, bilateral knee osteoarthritis, peripheral vascular disease (PVD), idiopathic peripheral neuropathy, hypertension, thrombocytopenia, coronary artery disease (CAD), obstructive sleep apnea (OSA), obesity, anxiety disorder, depression/bipolar disorder and posttraumatic stress disorder (PTSD). (R. at 19) The ALJ further found that Plaintiff does not have an impairment or combination of

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five−step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1.  Is the claimant engaged in substantial gainful activity?
2.  Does the claimant suffer from one or more severe impairments?
3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4.  Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5.  Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 25.)

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the [ALJ] finds that [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following limitations: (1) standing/walking 4 hours in a typical 8-hour workday; (2) occasionally climbing ramps and stairs, balancing, stooping, kneeling, and crouching; (2) never climbing ladders, ropes, or scaffolds, or crawling; (3) no exposure to hazards such as unprotected heights or moving mechanical parts; (4) performing unskilled simple, routine, repetitive tasks; (5) no work at a production-rate pace (e.g., assembly line work) but can perform goal-oriented work (e.g., office cleaner); (6) occasional superficial contact with coworkers and supervisors ("superficial contact" is defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice); (7) no teamwork, tandem tasks, conflict resolution or over-the-shoulder supervision; (8) no contact with the general public as part of job duties; and (9) occasional changes in an otherwise routine work setting explained in advance to allow time for adjustment to new expectations.

(R. at 27.)

Relying on the VE's testimony, the ALJ concluded at step four of the sequential process, that Plaintiff is unable to perform any past relevant work. (R. at 31.) At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that he can perform such as a merchandise marker, mail clerk or router. (R. at 31−32.) She therefore concluded that Plaintiff has not been under a disability since April 12, 2014. (R. at 32.)

4

IV.  **STANDARD OF REVIEW**

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives [Plaintiff] of

a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V. **ANALYSIS**

Plaintiff raises four issues in his Statement of Errors. First, Plaintiff contends that the ALJ made "unreasonable, unsupported, and inadequately explained findings regarding Plaintiff's lower extremity impairments." (ECF No. 8 at PageID at 1689−91.) Next, Plaintiff argues that the ALJ erred in her consideration of the opinion evidence of record. (*Id.* at PageID 1691-96.) Additionally, Plaintiff argues that the ALJ failed to fully and fairly develop the evidentiary record. (*Id.* at PageID 1696-97.) Finally, Plaintiff contends the ALJ posed incomplete vocational hypotheticals. (*Id.* at PageID 1697−98.)

The Court agrees that the hypotheticals the ALJ posed to the VE did not adequately account for all of the limitations within the RFC the ALJ had formulated. Accordingly, the Court concludes that the ALJ's finding of "not disabled" is not supported by substantial evidence and remand is required. This finding obviates the need for in-depth analyses of Plaintiff's remaining issues. Thus, the Court need not, and does not, resolve the alternative bases that Plaintiff asserts support reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's other arguments if appropriate.

The issue Plaintiff raises is straightforward. In the RFC, the ALJ found that Plaintiff was limited to "***never*** climbing ladders, ropes, or scaffolds, or ***crawling***." (R. at 27) (emphasis added). In posing hypotheticals to the VE, however, the ALJ stated that the individual could occasionally crawl. The exchange between the ALJ and VE is restated here, in relevant part:

6

Q … please assume a hypothetical individual with [Plaintiff]'s age, education, and work experience who would be limited to the following for hypothetical number one.

[Plaintiff] would be or, I'm sorry, the hypothetical individual would be limited to performing light work, lifting and carrying 10 pounds frequently, 20 pounds occasionally. The individual could sit, stand, and walk each up to six hours in an eight−hour workday.

Occasional climbing of ramps and stairs. No climbing of ladders, ropes, or scaffolds. Frequent balance. ***Occasional*** stoop, kneel, crouch, and ***crawl***.

There should be no exposure to hazards such as unprotected heights or moving mechanical parts. The individual would be limited to performing unskilled, simple, routine, repetitive tasks. The individual would be unable to perform at a production rate pace, for example, assembly line work, but can perform goal−oriented work, for example, office cleaner type positions.

…

… based on those limitations, could the hypothetical individual perform any of the Claimant's past work either as actually performed or generally performed?

A No, Your Honor, exertionally it's above the light range.

Q Give me just one second. All right. Are there other jobs you can identify that the hypothetical individual could perform within the limitation I've provided?

A Yes. Sample jobs that can be done with this hypothetical include merchandise marker, DOT 209.587−034, light, SVP: 2. There are at least 150,000 jobs in the nation, 1−5−0. Mail clerk − −

… Mail clerk, DOT 209.687−026, light, SVP: 2. There are at least 130,000 jobs in the nation, 1−3−0.

And router, DOT 222.587−038, light, SVP: 2. There are at least 90,000 jobs in the nation, 9−0.

Q Okay. Did you say that last job as voucher, V as in victor, O−U−C−H−E−R?

A No, router, R as in –

7

Q Oh, router, okay, all right. For hypothetical number two, if I was to instead limit the hypothetical individual to standing and walking a combined total of four hours in an eight−hour workday, balance would change to occasional, everything else would remain the same as in hypothetical number one, are there still light jobs you can identify that could be performed?

A Yes. The jobs previously mentioned, the marker position could be done. However, that number would erode to approximately 50,000 jobs, 5−0, in the nation. The mail clerk position would.

That number erodes to approximately 40,000 jobs in the nation, 4−0. And the router position would erode to approximately 33,000 jobs in the nation, 3−3.

Q For hypothetical number three, Ms. Schneider, if I was instead to limit the hypothetical individual to performing work at the sedentary exertional level, lifting and carrying 10 pounds occasionally, less 10 pounds frequently, standing and walking a combined total of two hours in an eight−hour workday, balance would change to occasional, again, everything else would remain the same as in hypothetical number one, are there jobs you can identify that the hypothetical individual could perform?

A Sample jobs include document preparer, DOT 249.587−018, sedentary, SVP: 2. There are at least 25,000 jobs in the nation, 2−5.

And sorter, DOT 521.607−006, sedentary, SVP: There are at least 5,000 jobs in the nation.

And tube operator, DOT 239.687−014, sedentary, SVP: 2. There are at least 5,000 jobs in the nation.

Q Ms. Schneider, accumulatively speaking, how many jobs would you say exist that could be performed within hypothetical number three?

A With this hypothetical, I would say there's approximately47,000.

Q And with the unskilled RFC there are no transferable skills, is that correct?

A Correct.

(R. at 66−69) (emphasis added).

As this hearing testimony excerpt highlights, the VE's testimony cannot serve as substantial evidence that Plaintiff can perform other work. It is "'well established an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.'" *Carrelli v. Comm'r of Soc. Sec.,* 390 F. App'x 429, 438 (6th Cir.2010) (quoting *Casey v. Sec'y of Health and Hum. Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993)). "'In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments.'" *Parks v. Soc. Sec. Admin.,* 413 F. App'x 856, 865 (6th Cir. 2011) (quoting *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 516 (6th Cir. 2010); *see also Payne v. Comm'r of Soc. Sec.,* 402 F. App'x 109, 118 (6th Cir. 2010) ("If the ALJ relies on a vocational expert's testimony in response to a hypothetical to conclude that the claimant is capable of performing a number of jobs, the hypothetical question must describe the claimant in all significant, relevant respects."). "[A]lthough a hypothetical question need not incorporate a listing of the claimant's medical conditions, the vocational expert's testimony, to be reliable, must take into account the claimant's functional limitations, *i.e.,* what he or she 'can and cannot do.'" *Infantado v. Astrue,* 263 F. App'x 469, 476 (6th Cir. 2008) (citing *Webb v. Comm'r of Soc. Sec.,* 368 F.3d 629, 632–33 (6th Cir. 2004)).

In determining the RFC, the ALJ discussed the reviewing physicians' assessments of Plaintiff's physical capacity and exertional capabilities. As the ALJ noted, Dr. James Cacchillo, D.O., opined that Plaintiff could crawl frequently. (R. at 28 citing R. at 121-129; 131-139.) Dr.

9

Venkatachala Sreenivas, M.D., confirmed this finding on reconsideration. (R. at 125.) While the ALJ found this opinion evidence "mostly persuasive," she specifically opted to "extend[] and reduce[] many of their suggested limitations to allow maximum consideration for the [Plaintiff's] bilateral knee problems and avoid exacerbating his chronic pain." (R. at 28.) Consistent with this explanation, the ALJ included a crawling prohibition in Plaintiff's RFC assessment. (R. at 27, 28.) The ALJ then failed, however, to include this limitation in the hypotheticals posed to the VE. (R. at 66-69.) Instead, she set forth hypotheticals less favorable to Plaintiff because they assumed a lesser restriction of Plaintiff's crawling capabilities than the ALJ had assigned to the RFC.

As set forth above, in response to the ALJ's hypotheticals, the VE testified that the hypothetical individual could perform jobs available in significant numbers in the national economy. (*Id*.) The ALJ then relied upon the VE's testimony in concluding that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and that a finding of "not disabled" is therefore appropriate. (R. at 32.) The Court concludes that this finding is not supported by substantial evidence because the hypotheticals did not accurately portray Plaintiff's physical limitations.

In reaching the conclusion here, the Court rejects the Commissioner's attempt to reframe this specific issue as Plaintiff's assertion that the RFC itself was incorrect. (ECF No. 10 at 18.) Indeed, this claim grossly mischaracterizes Plaintiff's argument. Plaintiff explains that, given his documented physical impairments and symptoms, he cannot be expected to sustain any work involving crawling. Moreover, as Plaintiff notes in reply, the Commissioner concedes that an

ALJ is required to incorporate all the limitations in the assigned RFC into the hypothetical questions used to solicit VE testimony.  Further, the Commissioner confirms that a VE's response to hypotheticals may constitute substantial evidence supporting a non-disability finding but only if the hypotheticals posed accurately portray the claimant's limitations.  As explained, however, that is not the situation here.

In short, based on the inconsistency between the ALJ's RFC and the hypothetical questions upon which the ALJ relied in this case, substantial evidence does not support the Commissioner's ultimate finding that Plaintiff is "not disabled." (R. at 32.)  Accordingly, remand is necessary for clarification of the record and re-evaluation of the evidence.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Statement of Errors (ECF No. 8) is **SUSTAINED.** The decision of the Commissioner is therefore **REVERSED** and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

**Date: January 15, 2025**              *s/ Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **UNITED STATES MAGISTRATE JUDGE**